MORRISON & FOERSTER LLP
DAVID F. MCDOWELL (BAR NO. 125806)
Email: DMcDowell@mofo.com
SAMANTHA P. GOODMAN (BAR NO. 197921)
Email: SGoodman@mofo.com
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

FAEGRE & BENSON LLP
John B. Gordon (*pro hac vice*), JGordon@faegre.com
Dennis M. Ryan (*pro hac vice*), DRyan@faegre.com
2200 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7229
Facsimile: (612) 766-1600

Attorneys for Defendants Opus Corporation, Gerald Rauenhorst 1982 Irrevocable Trust F/B/O Grandchildren, Gerald Rauenhorst 1982 Irrevocable Trust F/B/O Children, Mark Rauenhorst, Keith P. Bednarowski, and Luz Campa

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON HILL, TOM ROBERTS, PAUL MARSHALL, THOMAS SCHAAL, JR., CHARLES VOGEL, JOHN GREER, CLAIRE JANSSEN, DANIEL HAUG, MATTHEW MONTGOMERY, JAMES FRITCHER, SARA GORDON, DON LITTLE, JR., GREG WATTSON, JEFFERY DICKERSON, RANDY ACKERMAN, and JEFF ROBERTS, <br> Plaintiffs, <br> v. <br> OPUS CORPORATION, a Minnesota corporation; GERALD RAUENHORST 1982 IRREVOCABLE TRUST F/B/O GRANDCHILDREN; GERALD RAUENHORST 1982 IRREVOCABLE TRUST F/B/O CHILDREN; KEITH BEDNAROWSKI, an Individual; LUZ CAMPA, and Individual; MARK RAUENHORST, an Individual; and DOES 1 through 100, inclusive. <br> Defendants. | Case No. CV10-4806 MMM (VBKx) <br><br> **SPECIALLY APPEARING DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Date: October 25, 2010 <br> Time: 10:00 a.m. <br> Location: Courtroom 780, 255 East Temple Street, Los Angeles, CA 90012 |

# INTRODUCTION

There is one issue pending before this Court: whether to grant the motion to dismiss because the Court lacks personal jurisdiction over the Defendants. The Plaintiffs have not met their burden to establish personal jurisdiction. Instead, the Plaintiffs' opposition to the motion tries to distract the Court by tossing around unsubstantiated claims of criminal embezzlement or fraud. These allegations are false. They merely show the Plaintiffs' desperation and the underlying reason for their lawsuit: to embarrass and harass the Defendants in hopes of forcing a nuisance payment to make the Plaintiffs go away. The Plaintiffs show their true colors by requesting an evidentiary hearing not to examine evidence relevant to the jurisdictional issue that is before the Court, but to question non-Defendant parties about criminal allegations. (Opp. at 5:10-13.) This Court should not be distracted from the real issue. Plaintiffs cannot establish personal jurisdiction over any of the Defendants. This Court must grant Defendants' motion to dismiss the Complaint.[1]

## I. PLAINTIFFS HAVE FAILED TO ESTABLISH GENERAL JURISDICTION OVER THE DEFENDANTS, EITHER INDIVIDUALLY OR THROUGH OPUS WEST CONTACTS

The Plaintiffs base their claim for personal jurisdiction exclusively on general jurisdiction. (Opp. at 6: 26-27.) As discussed in the motion to dismiss, a court has general jurisdiction over a defendant if the defendant's activities in the forum are "substantial, continuous and systematic." *Doe v. Unocal*, 248 F.3d 915, 923 (9th Cir. 2001) (citation omitted).

### A. Defendants do not have "substantial, continuous, or systematic" contacts in California.

The Defendants have already argued in their motion to dismiss that there is

---

[1] Capitalized terms not defined in this Reply have the meanings set forth in the Defendants' Motion.

no general jurisdiction, and even though the Plaintiffs bear the burden of establishing general jurisdiction, they fail to refute the Defendants' arguments. In their opposition, the Plaintiffs fail to cite any facts to establish general jurisdiction over Luz Campa, and Plaintiffs' sole basis in their opposition to establish other Defendants' minimum contacts is their allegation that Opus Corporation, the Grandchildren Trust, the Children Trust, Keith Bednarowski, and Mark Rauenhorst own real estate in California. These assertions are based on misstatements and inaccuracies, contradicted by the facts and incorrect as a matter of law.

None of the Defendants own real estate in California. (Becker Decl. ¶9; Grandchildren Decl. ¶8-9; Children Decl. ¶8-9; Bednarowski Decl. ¶7; Rauenhorst Decl. ¶6; and Campa Decl. ¶7.) At most, Keith Bednarowski and Mark Rauenhorst own or owned interests in limited liability companies, which entities, in turn, own or owned real estate in California. The real estate ownership of such entities cannot be imputed to these Defendants because members of an LLC hold no ownership interest in the LLC's assets. Cal. Corp. Stat. § 17300 ("A [LLC] member or assignee has no interest in specific limited liability company property."); *see also Abrahim & Sons Enterprises v. Equilon Enterprises*, 292 F.3d 958, 963 n.21 (9th Cir. 2002) (citing *PacLink Communcs. Int'l, Inc. v. Superior Court of Los Angeles County*, 90 Cal. App. 4th 958, 964 (2001) ("Because members of the LLC hold no direct ownership interest in the company's assets . . ., the members cannot be directly injured when the company is improperly deprived of those assets.")). In fact, the affidavit on which Plaintiffs rely references the Defendants' ownership of LLC interests, rather than real property. (Declaration of Thomas W. Roberts, dated September 30, 2010 ("Roberts Decl.") ¶¶11 and 12 (referencing Sequoia LLC, Wells LLC, Bayside LLC, and Diamond Bar LLC).)

Similarly, Opus Corporation did not and does not own the real property known as "the Shoppes at Chino Hills." (Becker 10/10 Decl. ¶5.) The Shoppes at Chino Hills, Inc. owned the real property. (Becker 10/10 Decl. ¶6.) Opus West

owned stock in the Shoppes at Chino Hills, Inc., which stock was then sold to Opus Sales Corporation. (Becker 10/10 Decl. ¶6, 7.) Opus Sales Corporation is a wholly-owned subsidiary of Opus Corporation. (Becker 10/10 Decl. ¶7.) As with LLC interests, stock ownership does not give direct ownership interests in the company's assets. *See U.S. v. Bennett*, 2010 WL 3516438, *4 (9th Cir. Sept. 10, 2010) (shareholders have a right in corporate dividends; they do not own corporate property). Moreover, Opus Sales Corporation no longer owns any interest in the Shoppes at Chino Hills, Inc. (Becker 10/10 Decl. ¶8.)

### B. Plaintiffs have not presented evidence to establish an alter ego or agency exception.

The Plaintiffs also attempt to establish personal jurisdiction over all of the Defendants because Opus West has contacts in California. The general rule is that "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe*, 248 F.3d at 925 (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)). Courts around the country have held that a parent corporation may be directly involved in the financing and management of its subsidiary without exposing itself to personal jurisdiction based on its subsidiary's contacts with a forum. *Doe*, 248 F.3d at 927; *see also Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1459-60 (2d Cir. 1995) (no alter ego liability where parental approval was required for leases, major capital expenditures or the sale of the subsidiary's assets); *Joiner v. Ryder Sys.*, 966 F.Supp. 1478, 1485 (C.D. Ill. 1996) (no alter ego liability where parent approved the subsidiaries' acquisitions and capital budget); *Akzona, Inc. v. E.I. DuPont De Nemours and Co.*, 607 F. Supp. 227, 238 (D. Del. 1984) (no agency relationship where parent approval required for large capital expenditures). There is an exception to the general rule that provides that the subsidiaries' contacts with

the forum may be imputed to the parent corporation if the parent and subsidiary are not really separate entities, or one acts as the agent of the other. *Doe* 248 F.3d at 926.

Here, the Plaintiffs argue that the exception to the rule should apply to all of the Defendants, not just Opus Corporation, as Opus West's parent corporation. Even if the Plaintiffs could expand the exception to other entities or individuals, the Plaintiffs bear the burden of providing evidence to meet the exception to the general rule, and they have not met this burden with respect to any of the Defendants.

### (i)   Complaints filed in other cases are not evidence.

The Plaintiffs' opposition to the motion to dismiss contains few, if any, references to Plaintiffs' own Complaint. Realizing that they are unable to meet their burden based on their own pleading, Plaintiffs have sought to rely nearly exclusively on the unverified allegations of the First Amended Complaint filed in the Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court").

On a motion to dismiss for lack of personal jurisdiction, a court may consider relevant evidence outside of the complaint. *Doe*, 248 F.3d at 922. But the First Amended Complaint's allegations do not constitute evidence. *Chapman v. Pier 1 Imports, Inc.*, 571 F.3d 853, 858 (9th Cir. 2009) (citing *Flaherty v. Warehousemen, Garage & Service Station Employees' Local Union No. 334*, 574 F.2d 484, 486 n.2 (9th Cir. 1978) (assertions made in a complaint are not evidence and do not create issues of fact)). Thus, Plaintiffs cannot rely on the allegations in the First Amended Complaint as evidence to meet their burden to establish personal jurisdiction.

### (ii) Declarations asserting the validity and accuracy of a complaint filed in another case are hearsay and not evidence.

Perhaps recognizing that the First Amended Complaint on its own could not be used as evidence, three of the Plaintiffs assert that they verify the accuracy of each statement made in their Complaint, as well as each statement in the First Amended Complaint. (Vogel Decl. ¶¶5, 6; Greer Decl. ¶¶5, 6; T. Roberts Decl. ¶¶5, 6.) But the Plaintiffs are not parties to the First Amended Complaint and they have not established the foundations on which they are able to verify the allegations in the First Amended Complaint.

"Generally, relying solely on unverified hearsay evidence will not pass the muster of the due process requirements." *Farmer Boys' Catfish Kitchens Int'l, Inc. v. Golden West Wholesale Meats, Inc.*, 18 F.Supp.2d 656, 662 (E.D. Tex. 1998) (citations omitted); *see also Product Promotions v. Cousteau*, 495 F.2d 483, 493 (5th Cir. 1974), *overruled on other grounds* (holding that "hearsay testimony" regarding jurisdictional facts "does not suffice"); *but see Mitan v. Feeney*, 497 F.Supp.2d 1113, 1117, n.3 (C.D. Cal. 2007) (some district courts have adopted the Federal Circuit rule that allows consideration of affidavits containing hearsay if they "bear circumstantial indicia of reliability"). Here, there is no "indicia of reliability." To the contrary, these Plaintiffs have tried to circumvent the First Amended Complaint and the bankruptcy process by filing their own Complaint here in California – an action that was enjoined by the Bankruptcy Court to the extent it overlapped with any of the claims asserted by the Opus West bankruptcy estate in the First Amended Complaint. This Court cannot rely on the declarations as evidence because they constitute hearsay based on contested allegations in another lawsuit.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. CV10-4806 MMM (VBKx)                                                                  6

### (iii) Plaintiffs' general declarations are not evidence.

The only allegations made directly by Plaintiffs to establish the exception to the general rule are broad statements that do not qualify as evidence. *In re Automobile Antitrust Cases I and II*, 135 Cal. App. 4th 100, 110 (2005) ("Declarations cannot be mere vague assertions of ultimate facts, but must offer specific evidentiary facts permitting a court to form an independent conclusion on the issue of jurisdiction."). In the declarations, the Plaintiffs contend that Opus Corporation controlled every facet of Opus West's business. (*See, e.g.,* Janssen Decl. ¶5.) This general statement does not qualify as evidence, and even the examples provided in support of the statement are too general to be taken as evidence. (*See, e.g., id.* (examples include approval of project starts and land purchases, compensation and dividend policies)). These are just the sort of activities of a parent that the cases cited in paragraph 6 above find are <u>not</u> the basis for imputed jurisdiction.

## II. EXERCISE OF PERSONAL JURISDICTION BY THIS COURT IS UNREASONABLE.

Defendants have already presented their arguments in the motion as to why asserting personal jurisdiction over these Defendants is unreasonable. (Mot. at 20-22.) The Plaintiffs' reply contains its own analysis, but the factors continue to weigh in favor of the Defendants that the exercise of jurisdiction would be unreasonable.

For example, the Plaintiffs assert that the Defendants purposefully interjected themselves into California by "stealing" the Defendants' "pension funds"[2] and interfering with their employment contracts; that Defendants "may

---

[2] In any event, the reference to "pension funds" is inaccurate. Plaintiffs are general creditors of Opus West for compensation payments that were deferred and then never made. They acknowledged that fact by filing (and defending) Proofs of Claim as unsecured creditors in the bankruptcy case.

have" discussed the alleged embezzlement of pension funds at Opus West board meetings in California; and that Defendants owned real estate in California,. (Opp. 17:24-25.) As stated above, Plaintiffs have not presented evidence in support of these allegations. Moreover, the Plaintiffs are putting the cart before the horse by attempting to use unproven allegations as a basis to obtain jurisdiction to try to prove those same allegations.

Plaintiffs also claim that California's interest in the litigation is high, but California's interest, if any, only applies to the half of the Plaintiffs who are California residents. Whether Arizona residents consent to the jurisdiction of the California courts is irrelevant because California's potential interests relating to wages, receiving taxes, or providing a forum to its residents, as cited by the Plaintiffs, do not apply to them. And granting the Defendants' motion to dismiss does not deny a forum to any of the Plaintiffs. Minnesota has personal jurisdiction over all of the Defendants, and the Defendants have already submitted to the jurisdiction of the Bankruptcy Court in Texas.

Plaintiffs emphasize the benefits to them of litigating the case in California. But Plaintiffs' preferences are irrelevant in determining personal jurisdiction over Defendants. *Ziegler v. Indian River County*, 64 F.3d 470, 475, 476 (9th Cir. 1995) ("the law of personal jurisdiction is 'primarily concerned with the defendant's burden'"). The issue is not where the Plaintiffs would like to conduct their case, but where the Defendants are capable of being sued. Indeed, if a plaintiff's preference were controlling, the only factor in a jurisdictional analysis would be who won the race to the courthouse, and there would be no need for concepts such as personal jurisdiction.

Finally, contrary to Plaintiffs' assertion, the most efficient forum for litigating these matters is either Minnesota, where most of the Defendants' witnesses and evidence are located, or the Bankruptcy Court in Texas, where similar proceedings are already under way. The Plaintiffs have asserted complex,

factually demanding, and time consuming causes of action. Most of these issues are already pending before the Bankruptcy Court in Texas in connection with the First Amended Complaint. As creditors of Opus West, these Plaintiffs will benefit from any favorable judgment by the Opus West bankruptcy estate in those proceedings. Judicial inefficiency would result if the Plaintiffs' were to proceed in California with duplicate issues. Continuing this case in California would be an unnecessary, duplicative drain on the resources of the California courts.

## CONCLUSION

The Plaintiffs have not met their burden to establish that the Court has personal jurisdiction over the Defendants, either individually or through Opus West's contacts. The Court should grant the Defendants' motion to dismiss.

Dated: October 8, 2010

MORRISON & FOERSTER LLP
DAVID F. MCDOWELL
SAMANTHA P. GOODMAN

By: /s/ David F. McDowell
    David F. McDowell

FAEGRE & BENSON LLP
John B. Gordon (MN Bar No. 36237)
    *(pro hac vice)*
Dennis M. Ryan (MN Bar No. 161275)
    *(pro hac vice)*

*Attorneys for Defendants Opus Corporation, Gerald Rauenhorst 1982 Irrevocable Trust F/B/O Grandchildren, Gerald Rauenhorst 1982 Irrevocable Trust F/B/O Children, Mark Rauenhorst, Keith P. Bednarowski, and Luz Campa*