UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON HILL, TOM ROBERTS, PAUL MARSHALL, THOMAS SCHAAL, JR., CHARLES VOGEL, JOHN GREER, CLAIRE JANSSEN, DANIEL HAUG, MATTHEW MONTGOMERY, JAMES FRITCHER, SARA GORDON, DON LITTLE, JR., GREG WATTSON, JEFFERY DICKERSON, RANDY ACKERMAN, and JEFF ROBERTS,<br><br>Plaintiffs,<br>v.<br><br>OPUS CORPORATION, a Minnesota corporation; GERALD RAUENHORST 1982 IRREVOCABLE TRUST F/B/O GRANDCHILDREN; GERALD RAUENHORST 1982 IRREVOCABLE TRUST F/B/O CHILDREN; KEITH BEDNAROWSKI, an Individual; LUZ CAMPA, and Individual; MARK RAUENHORST, an Individual; and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No. CV10-4806 MMM (VBKx)<br><br>**ORDER APPROVING STIPULATED PROTECTIVE ORDER**<br><br>Magistrate Judge: Victor B. Kenton<br>Courtroom: 590 (Roybal) |

The parties to the above-captioned action having submitted their Stipulated Protective Order for approval by the Court, and the Court being fully apprised of the premises, and good cause appearing, the Stipulated Protective Order is hereby approved as follows:

1

1. As used in this Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record in this action;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors who are not employees of a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate as "Confidential" any document (including interrogatory responses, other discovery responses, or transcripts) that it, in good faith, believes constitutes or contains trade secret, proprietary, or confidential information described by Fed. R. Civ. P. 26(c)(1)(G).

3. All Confidential documents and the information in them shall be used only for the purpose of this action. No person receiving such documents or information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or information to any person other than those specified in paragraph 4 below. Any other use or disclosure is prohibited.

4. Access to any Confidential document shall be limited to:

(a) the Court and its staff;

(b) Attorneys, their law firms, and their Outside Vendors;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties or employees of the parties who need access to information for purposes of prosecuting or defending this action;

(f) any mediator engaged in this action pursuant to agreement of all of the named parties to this action; and

(g) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give expert testimony in this action.

5. Before disclosing Confidential documents or information to any person entitled to receive such information under paragraphs 4(e), (f) or (g) of this Protective Order, the Attorney intending to make such disclosure shall obtain from such person a "Written Assurance" in the form attached as Exhibit A. The Attorney intending to make such disclosure shall notify opposing counsel at least 14 days before making such disclosure to any such person who is an employee or agent of, or consultant to, any competitor of the party whose Confidential documents or information is sought to be disclosed, or, who within the past two years has held such a position. Such notice shall identify and describe the person to whom such disclosure is sought to be made with sufficient detail to permit the producing party to object. If a party objects in writing to such disclosure within 14 days after receipt of such notice, no disclosure shall be made until the party intending to make the disclosure obtains the prior approval of the Court or the objecting party.

6. All depositions or portions of depositions taken in this action that contain Confidential information may be designated "Confidential" pursuant to this Protective Order. Confidentiality designations for depositions shall be made either on the record or by written notice to the other parties within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" until the expiration of the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that includes Confidential information shall be taken only in the presence of persons who are entitled to have access to such information.

7. A party who reasonably anticipates that Confidential information will be disclosed or discussed in a deposition may in good faith request that no one be present for all or a part of the deposition except the deponent, Attorneys, officers of the court, and other persons otherwise permitted access to Confidential materials under this Protective Order. Counsel shall make appropriate arrangements to insure that only such persons are present during such portions of the deposition. Failure to make such a good faith request shall not be deemed a waiver by any party of its right to designate any portion of the deposition transcript or exhibits as "Confidential."

8. If a party inadvertently discloses any document or thing containing information that it deems Confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving parties in writing, and the receiving parties shall thereafter treat the information as "Confidential" under this Protective Order. To the extent such information may have been disclosed to persons other than persons authorized under this Protective Order to have access to Confidential material, the receiving party shall make every reasonable effort to retrieve the information promptly from such person and to avoid any further disclosure to unauthorized persons.

9. If a producing party inadvertently discloses a document or information that is privileged or otherwise immune from discovery, that party shall promptly upon discovery of such disclosure so advise the receiving parties in writing and request that the document or information be returned. No party shall thereafter assert that such disclosure waived any privilege or immunity. The receiving party shall return such inadvertently produced document or information and all copies thereof within ten days of receiving a written request for the return of such documents or information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of

inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure and Local Rules.

10. Notwithstanding any other provision of this Protective Order, any person indicated on the face of a "Confidential" document as having been its originator, author, or a recipient thereof, may be shown the same.

11. No party may file with the court any documents or transcripts constituting or containing Confidential information other than in a sealed envelope marked "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE MAY NOT BE OPENED AND THE CONTENTS MAY NOT BE DISPLAYED, COPIED OR REVEALED EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES." The party filing any such Confidential documents shall instruct the Clerk of Court in writing that the material is Confidential, and that it should not be displayed, copied, or revealed except by Order of the Court or by agreement of the parties.

12. Any party may request a change in the designation of any information designated "Confidential." Any such information shall be treated as designated until the change is completed. In the event of a dispute concerning the designation of any information as "Confidential," the parties shall promptly meet and confer in an attempt to resolve the dispute. If a party refuses to meet as required, or if the parties are unable, after meeting and conferring, to resolve the matters, the dispute may be submitted to the Court for resolution. The party asserting that information is Confidential shall have the burden of proof.

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents

filed with the Court and all correspondence generated in connection with the action. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

14. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with this Protective Order shall be a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. This Protective Order shall survive the termination of this action.

As to Par. 11, the parties shall comply with Local Rule 79-5 as to all under seal filings.

SO ORDERED.

Dated: May 02, 2011_____

_____/s/_____
HONORABLE VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

ORDER APPROVING STIPULATED PROTECTIVE ORDER
la-1121120

EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON HILL, TOM ROBERTS, PAUL MARSHALL, THOMAS SCHAAL, JR., CHARLES VOGEL, JOHN GREER, CLAIRE JANSSEN, DANIEL HAUG, MATTHEW MONTGOMERY, JAMES FRITCHER, SARA GORDON, DON LITTLE, JR., GREG WATTSON, JEFFERY DICKERSON, RANDY ACKERMAN, and JEFF ROBERTS,<br>　　　　　　　　Plaintiff,<br>v.<br><br>OPUS CORPORATION, a Minnesota corporation; GERALD RAUENHORST 1982 IRREVOCABLE TRUST F/B/O GRANDCHILDREN; GERALD RAUENHORST 1982 IRREVOCABLE TRUST F/B/O CHILDREN; KEITH BEDNAROWSKI, an Individual; LUZ CAMPA, and Individual; MARK RAUENHORST, an Individual; and DOES 1 through 100, inclusive.<br>　　　　　　　　Defendants. | Case No. CV10-4806 MMM (VBKx)<br><br><br><br><br><br><br><br>WRITTEN ASSURANCE |

_____ declares that:

I live at _____ in the City of _____, State of _____. My telephone number is _____.

I am employed by _____, located at _____, and my job title is _____.

I have been given a copy of, I have read, and I understand the requirements of the Protective Order dated _____, in Case No. CV10-4806 MMM (VBKx) pending in the United States District Court for the Central District of California. I agree to comply with and be bound by the Protective Order. I

understand I may be subject to sanctions by the Court if I violate the Protective Order.

I agree not to reveal any documents, or copies of documents, designated "Confidential" pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I agree not to copy or use such documents except for the purposes of this action. No later than 30 days after termination of this action, I agree to return all documents in my possession or control designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indexes relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____

_____
Signature

_____
PRINTED NAME